1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDUARDO LISEA,                             No.  2:14-cv-1766 CKD P

12              Petitioner,

13         v.                                    ORDER

14   STU SHERMAN,

15              Respondent.

16

17   I.  Introduction

18         Petitioner is a state prisoner proceeding with counsel with a petition for a writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2011 conviction for attempted

20   murder and related charges.  (ECF No. 1 ("Ptn.").)  Petitioner was the driver of a car from which

21   a shooter shot a victim in a gang-related incident.  (ECF No. 6-2.)  He "was convicted as an aider-

22   and-abettor under California's natural-and-probable consequences doctrine."  (Ptn. at 1.)

23         By order issued July 30, 2014, the undersigned determined that the petition was "mixed,"

24   containing both exhausted and unexhausted claims.  (ECF No. 5.)  Before the court is petitioner's

25   motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  (ECF No. 6.)

26   II.  Claims

27         Petitioner's unexhausted claims are all pending in state habeas proceedings in the San

28   Joaquin County Superior Court.  (ECF Nos. 6-1, 6-2.)  They are as follows:

1

> Claim 8:  Petitioner was denied due process of law under the Fifth and Fourteenth Amendment to the Constitution by the unexpected construction and retroactive application of a California Penal statute that increased the punishment for his alleged acts, criminal liability for which was vicarious.  (Ptn. at 14.)

Petitioner asserts that, in affirming his criminal conviction, the state court of appeal applied a "new rule . . . retroactively" to petitioner, violating his due process rights under the Constitution's ex post facto clause.[1]   Petitioner asserts that this claim "was not presented to the California Supreme Court on direct review of Petitioner's conviction because it did not accrue until the decision affirming the judgment of conviction."  (Id. at 14-15.)

> Claim 9:  Petitioner was denied due process of law under [the] Fourteenth Amendment to the Constitution by his attempted murder conviction absent proof beyond a reasonable doubt of the specific intent to kill Christopher Smith.  (Ptn. at 15.)

Petitioner asserts that "[a] sufficiency of the evidence claim was presented to the California Supreme Court on direct review (Ground/Claim THREE), but not on the basis of failure of proof as to the specific intent to kill.  This fact-specific Ground/Claim is raised in state collateral proceedings now pending in San Joaquin County Superior Court."  (Id. at 15-16.) Petitioner asserts that his appellate counsel was ineffective in failing to raise this claim on appeal. (Id. at 16-17 (Claim 11).)

> Claim 10:  Petitioner was denied his Fifth, Sixth, and Fourteenth Amendment rights to due process and a jury trial by the failure of the trial court to give sua sponte CALCRIM 603.  (Ptn. at 16.)

Petitioner asserts that "this Ground/Claim was presented to the California Supreme Court on direct review (Ground/Claim FIVE), but not on the basis of failure of the prosecutor's evidentiary concessions combined with the proof that [a rival gang member involved in the shooting] was armed.  This fact-specific Ground/Claim is raised in state collateral proceedings now pending in San Joaquin County Superior Court."  (Id.)  Petitioner asserts that his appellate counsel was ineffective in failing to raise this claim on appeal.  (Id. at 16-17 (Claim 11).)

---

[1] Under some circumstances, a judicial decision that has an ex post facto effect can give rise to a "valid due process claim."  U.S. v. Marcus, 560 U.S. 258, 264 (2010).

1

2

Claim 11:  Any alleged procedural default of petitioner's claims is the result of ineffective assistance of appellate counsel.

3

Petitioner argues that his appellate counsel made several errors on appeal, including

4

failing to raise the issues presented in Claims 9 and 10.  (Id. at 16-17.)  He asserts that Claim 11

5

did not accrue until after his appeal was complete.  (Id. at 17)

6

7

8

Claim 12:  The cumulative effect of the multiple constitutional errors asserted here deprived petitioner of a fair trial, due process of law, under the Fifth, Sixth, and Fourteenth Amendments.  (Ptn. at 17.)

9

Petitioner asserts that, to the extent this claim was not presented to the California Supreme

10

Court on direct review, "the failings of appellate counsel are to blame."  (Id. at 18.)

11

III.  Discussion

12

To obtain a Rhines stay of a mixed petition pending exhaustion of the unexhausted claims,

13

the petitioner must show that (1) the unexhausted claims are potentially meritorious; and (2)

14

petitioner had good cause for his earlier failure to exhaust state remedies. [2]  544 U.S. at 278.

15

The undersigned has reviewed petitioner's state petition for habeas relief, which addresses

16

the merits of his unexhausted Claims 8-12.  (ECF Nos. 6-1, 6-2.)  Under Rhines, a district court

17

abuses its discretion in granting a stay when petitioner's unexhausted claims are "plainly

18

meritless."  544 U.S. at 277; see also Cassett v. Stewart, 406 F.3d 614, 623-624 (9th Cir. 2005)

19

("We now join our sister circuits in adopting the Granberry[3] standard and hold that a federal court

20

may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant

21

does not raise even a colorable federal claim.").  Here the court finds that petitioner's

22

unexhausted claims have sufficient potential merit to go forward.

23

As to good cause, petitioner states that "the unexhausted claims in the mixed petition filed

24

in this case were presented for the first round of state postconviction (collateral) review on July 7,

25

2014[.]"  (ECF No. 6 at 5.)  While arguing that the claims are timely under AEDPA (a point not

26

27

[2] There is no indication that petitioner engaged in "intentionally dilatory litigation tactics," the third Rhines factor.  544 U.S. at 278.

28

[3] Granberry v. Greer, 481 U.S. 129, 135 (1987).

1   at issue here), petitioner's motion does not squarely address the "good cause" prong of the <u>Rhines</u>

2   standard.  However, in presenting his claims in the petition, he has offered reasons why each one

3   was not previously presented on direct review, as set forth above.

4        <u>Rhines</u> does not go into detail as to what constitutes good cause for failure to exhaust.

5   The Supreme Court has noted in dicta that "[a] petitioner's reasonable confusion about whether a

6   state filing would be timely will ordinarily constitute 'good cause'" to excuse his failure to

7   exhaust, <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416 (2005), and the Ninth Circuit has held that a

8   showing of good cause does not require "extraordinary circumstances." <u>Jackson v. Roe</u>, 425 F.3d

9   654, 661-62 (9th Cir. 2005).  Recently, the Ninth Circuit noted that "[a]n assertion of good cause

10  without evidentiary support will not typically amount to a reasonable excuse justifying a

11  petitioner's failure to exhaust." <u>Blake v. Baker</u>, 745 F.3d 977, 982 (9th Cir. 2014), pet. for cert.

12  filed (June 10, 2014) (No. 13-1488).  However, "a reasonable excuse, supported by evidence to

13  justify a petitioner's failure to exhaust, will." <u>Id.</u>

14       In <u>Blake</u>, the Ninth Circuit held that ineffective assistance of counsel by post-conviction

15  counsel can be good cause for a <u>Rhines</u> stay. <u>Id.</u> at 983.  Moreover, "good cause under <u>Rhines</u>,

16  when based on IAC, cannot be any more demanding than a showing of cause under <u>Martinez [v.</u>

17  <u>Ryan</u>, --- U.S. ----, 132 S. Ct. 1309 (2012)] to excuse state procedural default." <u>Id.</u> at 983-84.  In

18  <u>Martinez</u>, the Supreme Court held that "a prisoner may establish cause for a default of an

19  ineffective assistance claim" where his post-conviction counsel "was ineffective under the

20  standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)[.]" <u>See also</u> <u>Coleman v. Thompson</u>,

21  501 U.S. 722, 755 (1991) ("We reiterate that counsel's ineffectiveness will constitute cause only

22  if it is an independent constitutional violation.").

23       The <u>Blake</u> court concluded that petitioner satisfied the good cause standard where he

24  argued that his post-conviction counsel "failed to conduct any independent investigation or retain

25  experts in order to discover the facts underlying his trial-counsel IAC claim; namely, evidence

26  that Blake was" subjected to severe abuse as a child and suffered from brain damage and

27  psychological disorders.  745 F.3d at 982 (internal quotation marks omitted).  The petitioner

28  supported this argument with extensive evidence, including psychological evaluation reports, a

1  declaration by the private investigator who worked briefly for his post-conviction attorney, and

2  thirteen declarations from petitioner's family and friends describing his "abhorrent" childhood

3  conditions.  Id. at 982-83.  The Blake court concluded that petitioner had met the

4  Coleman/Martinez standard for good cause, "leav[ing] for another day whether some lesser

5  showing will suffice to show good cause under Rhines."  Id. at 983-84 & n.7.

6        Here, petitioner supplies no evidence in support of his contention that his appellate

7  counsel was ineffective for failing to raise unexhausted Claims 9, 10, and (to some extent) 12.

8  From the petition alone, it is impossible to determine whether his attorney was ineffective under

9  the Strickland standard, as he contends in Claim 11.

10       More fundamentally, petitioner is currently in the process of exhausting his unexhausted

11  claims in state post-conviction proceedings.  As he acknowledges in his motion, the AEDPA

12  statute of limitations is tolled during the time a properly filed application for post-conviction

13  relief is pending in state court.  28 U.S.C. § 2244(d)(2).  Once state collateral proceedings are

14  commenced, a state habeas petition is "pending" during a full round of review in the state courts,

15  including the time between a lower court decision and the filing of a new petition in a higher

16  court, as long as the intervals between petitions are "reasonable."  See Evans v. Chavis, 546 U.S.

17  189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

18       Petitioner asserts that he filed the instant petition while state habeas proceedings are

19  pending "in an abundance of caution" to ensure that his federal claims are timely.  (ECF No. 6 at

20  5.)  However, petitioner is represented by counsel and need only diligently pursue state habeas

21  review of his unexhausted claims in order to be subject to the tolling provisions set forth above.

22       On the record before the court, petitioner has not shown "good cause" under Rhines and

23  thus will be directed to file an amended petition containing only exhausted claims.  Failing that,

24  the petition will be dismissed as "mixed" without prejudice to refiling once all of petitioner's

25  claims are exhausted.  See 745 F.3d at 980 (mixed petition must be dismissed, "leaving the

26  prisoner with the choice of returning to state court to exhaust his claims or of amending or

27  resubmitting the habeas petition to present only exhausted claims to the district court."), citing

28  Rose v. Lundy, 455 U.S. 509 (1982).

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's motion to stay (ECF No. 6) is denied;

2.  Not more than thirty days from the date of this order, petitioner may file an amended petition in this action containing only exhausted claims; and

3.  Petitioner's failure to timely file an amended petition will result in a recommendation that the petition be dismissed without prejudice to re-filing if and when state remedies are exhausted as to all claims therein.

Dated:  September 8, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / lise1766.stay

6